[Cite as *State v. Grissom*, 2018-Ohio-3288.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-218 |
| | : | |
| BRIAN R. GRISSOM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

KIRIAKOS G. KORDALIS, Atty. Reg. No. 0089697, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Brian Grissom, appeals from an order revoking his community control sanctions and imposing sentence.  On May 7, 2018, Grissom's appointed counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal.   Counsel did not raise any potential assignments of error.

{¶ 2} On May 9, 2018, the State filed a response and said it would not respond to Grissom's brief because no arguable issues were raised.   The State did ask for time to respond if we decided that appealable issues existed and appointed new counsel for Grissom.

{¶ 3} On May 21, 2018, we notified Grissom that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. However, Grissom did not file a pro se brief.   We also filed an order on May 29, 2018, requiring the trial court to file the presentence investigation ("PSI") report, the victim impact statement, if any, and any other documents the trial court reviewed in sentencing. The trial court complied with our order.

{¶ 4} After reviewing the entire record, including the PSI report, and conducting our independent *Anders* review, we find no issues with arguable merit for Grissom to advance on appeal.   Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 5} On April 10, 2017, a complaint was filed in the Miami County Municipal Court, alleging that Brian Grissom had failed to notify a sheriff of a change in his address as

required under R.C. 2950.05(A),(F)(1). The charge was a felony of the third degree. On May 8, 2017, Grissom waived prosecution by indictment and consented to prosecution by information in the Miami County Common Pleas Court. The same day, Grissom signed a petition to enter a plea of guilty, based on the State's agreement to amend the offense from a third-degree felony to a fourth-degree felony (an attempted failure to provide written notice of residence).[1]

{¶ 6} Grissom appeared in court the same day, and the court advised him of his right to have the case presented to a grand jury. The court also fully complied with the requirements of Crim.R. 11(C)(2) for accepting pleas. The court then accepted Grissom's waiver and guilty plea, found him guilty of the offense, and ordered that a PSI be conducted.

{¶ 7} On July 3, 2017, the court sentenced Grissom to three years of community control under the court's standard rules of supervision. In addition, the court imposed various conditions, including that Grissom obtain employment, observe a curfew, and complete the MonDay Program. The court reserved a sentence of 18 months in prison if Grissom failed to successfully complete the community control sanctions, including the MonDay Program. Transcript of July 3, 2017 Sentencing Hearing, pp. 7-8. The sentencing entry, including the stated prison sentence, was filed on July 11, 2017, and Grissom did not appeal from the judgment.

{¶ 8} On August 23, 2017, Grissom was ordered to be conveyed to the MonDay Program. Subsequently, on October 12, 2017, Grissom's case was assigned for a hearing on alleged community control violations, including that Grissom had failed to

---

[1] The plea petition was filed on May 9, 2018.

complete the MonDay Program on or about September 29, 2017. The trial court then held a hearing on November 1, 2017, where Grissom appeared and acknowledged receipt of a copy of the notice of community control violation hearing and charges. Grissom also waived the reading of the notice and any defects in service, and he stipulated to the violation of having failed to complete the MonDay Program. Transcript of Community Control Violations Arraignment/Hearing ("Violations Tr."), p. 2.

**{¶ 9}** After hearing from Grissom and his counsel and from the State, the trial court imposed the previously reserved sentence of 18 months and gave Grissom jail credit of 216 days. The court noted that it had carefully reviewed information from the MonDay Program, which indicated that Grissom had failed to comply with numerous rules, including "a failure to follow staff instructions; trading and loaning; persistent level one violations; communicating with residents of the opposite sex; making rude comments or gestures toward the staff; non-compliance with staff directives; stealing and citing persistent level three violations; and a physical assault." Violations Tr. at p. 6.

**{¶ 10}** After being sentenced, Grissom filed a timely notice of appeal.


## II. Discussion and Conclusion

**{¶ 11}** In an *Anders* review, we are required to decide "after a full examination of all the proceedings," whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue will lack arguable merit "if on the

facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

{¶ 12} After conducting an independent review of the record pursuant to *Anders*, we agree with Grissom's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. Grissom stipulated to the violation of community control, and the court imposed the sentence that had previously been reserved and imposed in a judgment entry that was not appealed. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Janna L. Parker
Kiriakos G. Kordalis
Hon. William H. Wolff, Jr. (Sitting by assignment)